I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:        DATE:    DEPUTY CLERK:

Plaintiff    12/10/2019    N. Boehme

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

|  |  |
|---|---|
| STEVEN KWON, | Case No. CV 19-09876-SVW (DFM) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. |  |
| J. GASTELO, Warden, et al., |  |
| Defendants. |  |

## I.    INTRODUCTION

On November 18, 2019, Plaintiff, a state prisoner currently housed at the California Men's Colony in San Luis Obispo, California, filed this civil rights action under 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). Plaintiff's Complaint names six people as Defendants: (1) J. Gastelo, Warden, (2) Dr. J. Cruz, (3) Dr. Joseph B. Griffin, (4) Jane Doe, Nurse, (5) Raymond Olivas, Nurse, and (6) S. Gates, Chief of Health Care Appeals. See Complaint at 3-4.[1] Plaintiff names Warden Gastelo in her official and individual capacity; the remaining defendants are named in their individual capacity only. See id. Construed liberally, Plaintiff raises Eighth Amendment inadequate medical care against each of the Defendants and Eighth Amendment sexual assault and

---

[1] All page references are to the CM/ECF pagination.

1

Fourteenth Amendment unwanted medical care claims against Dr. Griffin. See id. at 5.

The Complaint is construed in the light most favorable to Plaintiff and all material allegations are taken to be true. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. Before dismissing a pro se civil rights complaint for failure to state a claim, the district court "must give the plaintiff a statement of the complaint's deficiencies." Id.

## II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

On or around December 15, 2017, Plaintiff began filing requests for medical treatment of extreme pain in his lower back, right hip, right leg, and right foot. See Complaint at 5. On or around December 20, 2017, Dr. Cruz was assigned as Plaintiff's primary care provider. See id. at 7. On September 25, 2018, Dr. Griffin told Plaintiff "You should be used to things like this by now!" before performing a rectal exam. See id. The exam was based on a misdiagnosis of Piriformis syndrome. See id. On August 3, 2018, Plaintiff received a pass to the medical department because pain made it impossible to walk to obtain dinner. See id. at 8. Nurse Doe refused to give Plaintiff any

treatment and stated Plaintiff would only receive treatment after he submitted a Form 7362. See id. On August 4, 2018, Plaintiff's pain made it impossible to move and so he had to lay on the ground. See id. Officer Gentry issued a Code-1 Medical Emergency, to which Nurse Olivas responded. See id. Nurse Olivas did not give Plaintiff any treatment or offer any guidelines or advice for treatment even after Plaintiff explained he went to the Medical Department seeking treatment the previous day. See id. After Olivas left, several inmates had to carry Plaintiff back to his cell. See id. On August 10, 2018, Gastelo received formal notification that Plaintiff was not receiving medical care for this pain. See id. at 5. On August 7, 2019, Gates denied Plaintiff's grievance appeal. See id. at 8.

## III. DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). For the reasons discussed below, it is not "absolutely clear" that at least some of the defects of Plaintiff's Complaint could not be cured by amendment.

## A. Plaintiff Has Failed to State a Claim Against Gastelo in Her Official-Capacity

Plaintiff named Gastelo in both her individual and official capacity. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. California Men's Colony is run by the California Department of

Corrections and Rehabilitation ("CDCR"). Therefore, Plaintiff's claims against Gastelo in her official capacity is tantamount to claims against CDCR.

States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-66 (1989); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities nor for prospective injunctive relief against state officials sued in their official capacities). The CDCR is an agency of the State of California and, therefore, entitled to Eleventh Amendment immunity. See Brown v. Cal. Dep't of Corrs, 554 F.3d 747, 752 (9th Cir. 2009).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99- 100 (1984). California has consented to be sued in its own courts pursuant to the California Tort Claims Act, but such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of the state's Eleventh Amendment immunity). Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

Accordingly, Plaintiff's claims for damages against Gastelo in her official capacity is barred by the Eleventh Amendment.

**B.** **Plaintiff Has Failed to State a Claim Against Cruz and Gastelo**

Liberally construed, Plaintiff raises a claim of supervisory liability against Cruz and Gastelo. Plaintiff has provided no factual allegations about

the actions of these Defendants and merely alleges they failed to ensure adequate care and failed to prevent Plaintiff's misdiagnosis. See Complaint at 7. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. However, in cases where the applicable standard is deliberate indifference, Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Id. (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). Plaintiff has not provided any factual allegations that these Defendants was aware of the misdiagnosis or that these Defendants engaged in any sort of wrongful conduct that led to the alleged constitutional violation. Accordingly, Plaintiff has failed to state a claim against Cruz and Gastelo.

**C.** **Plaintiff Has Failed to State a Claim with Respect to the Processing and Review of His Prison Grievances**

Plaintiff alleges that Gates, as an appeals coordinator who reviewed Plaintiff's inmate grievances, violated his Eighth Amendment right to adequate medical care and his Fourteenth Amendment due process rights by "refusing to ensure plaintiff's appeal was adjudicated on the merits of his claims" on the grievances Plaintiff filed against regarding the events alleged in the Complaint. Complaint at 8. However, a prisoner has no constitutional right to an effective grievance or appeal procedure, and actions in reviewing and denying inmate appeals cannot serve as a basis for liability under § 1983. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

1988).

Here, the Complaint does not allege any facts that establish either personal involvement by Gates in Plaintiff's alleged inadequate medical care or any direct causal connection between any action or inaction on the part of Gates and the alleged constitutional violation. Accordingly, Plaintiff has failed to state a claim against Gates.

**D.** **Plaintiff Has Failed to State a Claim of Inadequate Medical Care Against Griffin and Doe but Has Arguably Stated a Claim Against Olivas**

Plaintiff brings claims against Dr. Griffin and Nurses Doe and Olivas based on their personal actions. Each of Plaintiff's claims for relief allege violations of the Eighth Amendment's prohibition against cruel and unusual punishment. After discussing the applicable legal standard, the Court will address these claims.

**1.** **Applicable Law**

The Eighth Amendment proscription against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976). In order to establish an Eighth Amendment claim based on inadequate medical care, Plaintiff must show that Defendants were deliberately indifferent to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). This test consists of two parts. First, Plaintiff must show a "serious medical need" by demonstrating that failure to treat a condition could result in "further significant injury or the unnecessary and wanton infliction of pain." Id. (citation omitted). Second, Plaintiff must show that a Defendant's response to the need was deliberately indifferent. Id. Plaintiff may establish this second prong by showing (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm

caused by the indifference. Id. Put another way, Plaintiff must show that the prison officials were subjectively aware of his serious medical need and failed to adequately respond. Conn v. City of Reno, 591 F.3d 1081, 1096 (9th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 828 (1994)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Medical malpractice or negligence is insufficient to establish an Eighth Amendment violation. Toguchi, 391 F.3d at 1060. Even gross negligence does not suffice to establish deliberate indifference. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). And, "mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'" Toguchi, 391 F.3d at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (omission and alteration in original).

Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 439 F.3d at 1096. A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

2. **Analysis**

First, Plaintiff alleges he received inadequate medical care when Dr. Griffin misdiagnosed Plaintiff with Piriformis Syndrome and performed an unnecessary rectal exam. Although Plaintiff alleges he did not have any symptoms, he does not present any evidence to the Court that this constitutes more than mere difference of medical opinion. Accordingly, Plaintiff has not stated a claim of inadequate medical care against Dr. Griffin.

Second, Plaintiff does not state a claim of deliberate indifference against

Defendant Doe in her treatment of his back pain. A mere statement that she refused to treat him without a Form 7362 does not provide evidence of more than a mere difference in medical opinion. Plaintiff does not explain why he could not fill out the form on site or why this requirement was not appropriate. Although Plaintiff's pain meant he could not walk to dinner, he appears to have been able to go to the nurse's office. As currently alleged, Doe at most delayed Plaintiff's treatment and this delay did not rise to the level of deliberate indifference.

Finally, Plaintiff arguably states a claim of inadequate medical care against Defendant Olivas. Taking Plaintiff's allegations as true, Defendant Olivas arrived at the site of Plaintiff's medical emergency where Plaintiff was unable to move and left without providing any treatment or instructions. Other inmates had to carry Plaintiff back to his cell. These facts arguably state a claim of inadequate medical care due to deliberate indifference.

**E.**     **Plaintiff Arguably States an Eighth Amendment Claim Against Griffin for Sexual Assault**

The Eighth Amendment bars the infliction of cruel and unusual punishment upon prisoners. See Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir.1993)). Whether a prison official's specific act constitutes cruel and unusual punishment "is measured by 'the evolving standards of decency that mark the progress of a maturing society.'" Wood v. Beauclair, 692 F.3d 1041, 1045-46 (9th Cir. 2012) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). However, "when prison officials maliciously and sadistically use force to cause harm contemporary standards of decency are always violated." Schwenk, 204 F.3d at 1196

(quoting <u>Hudson</u>, 503 U.S. at 9). Sexual assault of an inmate by a correctional officer violates the Eighth Amendment. <u>See</u> <u>Schwenk</u>, 204 F.3d at 1197; <u>see also</u> <u>Wood</u>, 692 F.3d at 1046. In evaluating a prisoner's Eighth Amendment claim grounded in sexual assault, courts look to whether the accused officials acted "with a sufficiently culpable state of mind" and whether the alleged wrongdoing was "harmful enough" to establish a constitutional violation. <u>See</u> <u>Wood</u>, 692 F.3d at 1046 (quoting <u>Hudson</u>, 503 U.S. at 8).

Plaintiff has arguably stated a claim of sexual assault against Griffin. Griffin's comment that "You should be used to things like this by now!" allows the Court to infer a culpable state of mind when performing the allegedly unwarranted rectal exam.

## F.    **Plaintiff Does Not State a Fourteenth Amendment Claim Against Griffin for Unwanted Medical Care**

Plaintiff raises a claim of unwanted medical care against Griffin for the rectal exam. Except in unusual circumstances, a prisoner generally has a constitutional right to refuse unwanted medical care. <u>See</u> <u>Coons v. Lew</u>, 762 F.3d 891, 899 (2014). Here, although Plaintiff alleges the rectal exam was based on an unwarranted diagnosis, he does not allege that he objected to the exam. As such, he failed to state a claim that Griffin provided him unwanted medical care. <u>See</u> <u>Jordan v. Asuncion</u>, No. 17-1283, 2018 WL 2106464, at *3 (C.D. Cal. May 7, 2018) (holding that Plaintiff's failure to allege he communicated his desire not to submit to the rectal exam meant he failed to state a claim).

## IV.    CONCLUSION

IT IS ORDERED THAT:

1.    The Clerk shall send Plaintiff a blank civil rights complaint form and a Notice of Election form. The Notice of Election form has three options. Plaintiff may choose ONE option and return the form to the Court within

twenty-eight (28) days of the date of this Order. The options are:

       a.     Option One. Voluntarily dismiss the claims identified in this Order as deficient. The dismissal will be without prejudice. The Court will then order service of my remaining claims on the named Defendants.

       b.     Option Two. Elect to stand on the Complaint, understanding that the Court may recommend that the District Judge issue an order dismissing the claims identified in this Order as deficient and serving the cognizable claims.

       c.     Option Three. If Plaintiff believes that true additional factual allegations would state a claim, he may file an amended complaint curing the deficiencies identified by the Court in this Order within twenty-eight (28) days. The amended complaint should bear the docket number assigned to this case (19-09876-SVW (DFM)), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

     2.     If Plaintiff fails to act within twenty-eight (28) days, the Court will recommend that this case be dismissed for failure to prosecute.

///

///

///

///

///

///

///

///

///

///

IT IS FURTHER ORDERED THAT:

1. The Clerk is directed to send Plaintiff a blank copy of the Court's form CV-60P.

2. Plaintiff is ORDERED to submit a completed CV-60P within twenty-one (21) days of the date of this order. **Failure to submit a CV-60P within the time set by the Court may result in a recommendation to the District Judge that this case be dismissed.**

Date: December 10, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge